UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAE YOUNG KIM, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Civil Case No. 12-54 (RJL) |
| | ) |
| NATIONAL CERTIFICATION | ) |
| COMMISSION FOR ACUPUNCTURE | ) |
| AND ORIENTAL MEDICINE, *et al.*, | ) |
| | ) |
| Defendants. | ) |

MEMORANDUM OPINION
(August 28, 2012) [Dkt. ##6, 11]

This case comes before the Court on Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint ("Def.'s Mot.") [Dkt. #6] and plaintiffs' Motion for Remand to State Court ("Pl.'s Mot.") [Dkt. #11]. Upon consideration of the parties' pleadings, relevant law, and the entire record herein, defendant's motion is GRANTED and plaintiffs' motion is DENIED.

BACKGROUND

In 2010, plaintiff Kyung Sung School of Oriental Medicine (the "School") filed a complaint in this Court against defendant National Certification Commission for Acupuncture and Oriental Medicine ("NCCAOM"), in an action styled *Kyung Sung School of Oriental Medicine v. National Certification Commission for Acupuncture and Oriental Medicine*, No. 10-cv-1709 ("*Kyung Sung I*"), alleging breach of oral contract and promissory estoppel arising out of negotiations between the parties to enter into an

alliance. *See* Compl., *Kyung Sung I* [Dkt. #1]. NCCAOM filed a motion to dismiss, which this Court granted as conceded pursuant to Local Civil Rule 7(b) on December 30, 2010, after the School failed to timely oppose the motion. *See* Mem. Order, *Kyung Sung I* [Dkt. #11].

Undaunted, the School filed a second complaint against NCCAOM in the Superior Court of the District of Columbia on October 25, 2011, alleging breach of oral contract, promissory estoppel, and loss of reputation, adding the School's owner Sae Young Kim as a plaintiff (together with the School, "plaintiffs"), and naming NCCAOM's CEO Kory Ward-Cook[1] and directors John Does 1-10 as additional defendants. Compl. [Dkt. #1] ¶¶ 1-5, 8, 33-57. On January 12, 2012, NCCAOM removed the action to this Court invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332, *see* Notice of Removal [Dkt. #1] ¶¶ 8-11, and on January 19, 2012, NCCAOM filed the instant motion to dismiss on principles of res judicata, or in the alternative, for failure to state a claim, Mem. of P. & A. in Supp. of Def.'s Mot. ("Def.'s Mem.") [Dkt. #6-1] at 1-3. Plaintiffs again failed to oppose the motion to dismiss, but did file a motion to remand to state court on February 20, 2012, arguing improper removal under 28 U.S.C. § 1441(b)(2) because NCCAOM is a citizen of the forum state. Mem. of Law in Supp. of Pls.' Mot. [Dkt. #11-1] at 1-2. Defendants opposed the motion to remand as untimely. Def.'s Mem. of P. & A. in Opp'n

---

[1] Prior to this action's removal to this Court, the Superior Court dismissed the complaint as to defendant Kory Ward-Cook for untimely service under D.C. Superior Court Rule of Civil Procedure 4(m). *See* Notice of Filing Pre-Removal Order of Dismissal Without Prejudice as to Def. Kory Ward-Cook ("Notice of Dismissal") [Dkt. #4] at 1; Ex. 1 to Notice of Dismissal [Dkt. #4-1].

to Pls.' Mot. [Dkt. #12]. This Court previously entered a final, valid judgment on the merits as to claims plaintiffs previously had an opportunity to litigate, therefore, defendant's motion to dismiss on principles of res judicata is GRANTED. Furthermore, because plaintiffs' motion for remand was untimely, the motion is DENIED.

## STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). But "the court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). The court may consider "any documents either attached to or incorporated in the complaint and matters of which [the court] may take judicial notice." *EEOC v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 624 (D.C. Cir. 1997) (citation omitted).

## ANALYSIS

### I. Res Judicata

A court may address issues of res judicata raised in a pre-answer Rule 12(b)(6) motion to dismiss. *Stanton v. D.C. Court of Appeals,* 127 F.3d 72, 76-77 (D.C. Cir. 1997). Under the doctrine of res judicata, also known as claim preclusion, "a judgment on the merits in a prior suit bars a second suit involving identical parties or their privies based on the same cause of action." *Apotex, Inc. v. FDA,* 393 F.3d 210, 217 (D.C. Cir. 2004) (citation omitted). Specifically, "a subsequent lawsuit will be barred if there has

been prior litigation (1) involving the same claims or cause[s] of action, (2) between the same parties or their privies, and (3) there has been a final, valid judgment on the merits, (4) by a court of competent jurisdiction." *Capitol Hill Grp. v. Pillsbury, Winthrop, Shaw, Pittman, LLC*, 569 F.3d 485, 490 (D.C. Cir. 2009) (citation omitted). Thus, claim preclusion "embodies the principle that a party who once has had *a chance to* litigate a claim before an appropriate tribunal usually ought not to have another chance to do so," and is designed "to prevent litigation of matters that *should have been* raised in an earlier suit." *SBC Commc'ns Inc. v. FCC*, 407 F.3d 1223, 1229-30 (D.C. Cir. 2005) (citations and internal quotation marks omitted). Although there appears to be no dispute regarding the application of res judicata, as plaintiffs failed to file any opposition,[2] the Court will address briefly each element in turn.

To determine if two cases share the same claims or causes of action, a court must evaluate "whether they share the same nucleus of facts"; that is, "whether the facts are related in time, space, origin, or motivation." *Apotex, Inc.*, 393 F.3d at 217 (citations and internal quotation marks omitted). Here, the complaints allege causes of action arising from the very same nucleus of facts, and in fact, the complaint in the instant action is a

---

[2] The Court notes the current applicability of Local Civil Rule 7(b) to the instant action and is aware of its ability to grant defendant's motion to dismiss as conceded as it did in its previous decision.

4

near mirror-image of the complaint in *Kyung Sung I*.[3] Thus, the first element is clearly met.

Res judicata precludes claims not only between identical parties, but also between those in privity with the parties. "A privy is one [who is] so identified in interest with a party to the former litigation that he or she represents precisely the same legal right in respect to the subject matter of the case." *Smith v. Jenkins*, 562 A.2d 610, 615 (D.C. 1989) (citation omitted). Privity may be found between "those whose interests are represented by a party to the action," *id.* (citation omitted), or between agents and principals "if the prior action concerned a matter within the agency," *Major v. Inner City Prop. Mgmt., Inc.*, 653 A.2d 379, 381 (D.C. 1995) (citations omitted). Each of the additional parties to this proceeding are either directors, officers, or owners of a party in *Kyung Sung I* and are suing, or are being sued, for actions taken within these official capacities, *see, e.g.*, Compl. ¶¶ 4-5, 8, 12-15, 21-26, therefore, they are in privity with the parties to the prior litigation.

Finally, my prior decision was a final, valid judgment on the merits by a court of competent jurisdiction. On December 30, 2010, this Court, sitting in diversity, Compl.

---

[3] The complaints differ on two grounds. *First*, the instant complaint contains allegations adding plaintiff Kim and defendants Ward-Cook and John Does 1-10 as parties. *See* Compl. ¶¶ 1, 4-5. *Second*, the instant complaint alleges a cause of action for loss of reputation. Compl. ¶¶ 52-57. Despite these distinctions, the allegations in both complaints are based on the same underlying facts, closely related in time, space, origin, and motivation. *See Apotex, Inc.*, 393 F.3d at 217; *Page v. United States*, 729 F.2d 818, 820 (D.C. Cir. 1984) ("[I]t is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies." (citations omitted)).

¶ 3, *Kyung Sung I*, granted NCCAOM's Rule 12(b)(6) motion to dismiss.[4] Although the motion was treated as conceded pursuant to Local Civil Rule 7(b), it was a final valid judgment on the merits. *See* Fed. R. Civ. P. 41(b) ("[A]ny dismissal not under this rule . . . operates as an adjudication on the merits."); *Calica v. Comm'r of Soc. Sec.*, 601 F. Supp. 2d 203, 205 (D.D.C. 2009) ("[B]ecause [plaintiff] did not respond to the defendant's motion to dismiss . . . she was deemed to have conceded the matters raised in the defendant's motion . . . and an order of dismissal was entered that was based on the merits of the case . . . ."). Thus, res judicata applies, barring plaintiffs from relitigating their claims.

## II.  Motion for Remand

A civil action filed in state court may be removed to a federal district court for that district having original jurisdiction. 28 U.S.C. § 1441(a). However, an action "removable solely on the basis of [diversity] jurisdiction . . . may not be removed if any of the . . . defendants is a citizen of the State in which such action [was originally] brought." 28 U.S.C. § 1441(b)(2). Any challenge to the removal process must be raised within thirty days after the notice of removal is filed. 28 U.S.C. § 1447(c). Here, although defendant NCCAOM is a citizen of the forum state—the District of Columbia— plaintiffs did not timely raise their challenge, filing their motion for remand thirty-eight days after the notice of removal was filed. Thus, plaintiffs have waived their objections,

---

[4] The School did not appeal the Court's decision, but it did file a motion to vacate on January 13, 2011, Mot. to Vacate & to Extend Time to Respond, *Kyung Sung I* [Dkt. #12], which was later denied by Minute Order, Minute Order, Jan. 26, 2011, *Kyung Sung I.*

*see, e.g.*, *Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939-40 (9th Cir. 2006) (agreeing with eight of the nine circuits that have decided the issue in holding that the forum defendant rule is a waivable procedural defect); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 380 (7th Cir. 2000) ("[W]e join the longstanding line of authority that holds that the forum defendant rule is nonjurisdictional," "and hence waivable."), and therefore, the motion for remand is DENIED.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiffs' Complaint [Dkt. #6] and DENIES plaintiffs' Motion for Remand to State Court [Dkt. #11] and dismisses the action in its entirety. An order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge